IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NORMAN DAWSON,

       Plaintiff,

vs.                                                               Civ. No. 03-0345 JCH/LFG

ALBUQUERQUE PUBLIC SCHOOLS BOARD OF
EDUCATION and SUZANNE PARKER in her
individual and official capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Albuquerque Public Schools Board of Education ("APS") and Suzanne Parker's Motion/Brief to Dismiss Plaintiff's Section 504 Claim, filed February 6, 2004 **[Doc. No. 26]**.[1] The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be denied.

### BACKGROUND

Plaintiff Dawson filed a complaint on March 19, 2003, alleging that Defendant APS engaged in certain discriminatory, harassing, and retaliatory acts, and that these acts violated the

---

[1] On September 9, 2003, the Court entered a Stipulated Order of Dismissal dismissing with prejudice Plaintiff's First Americans with Disabilities Act and Second Section 504 of the Rehabilitation Act claims for relief against Defendant Suzanne Parker. Defendants' Motion/Brief to Dismiss Plaintiff's Section 504 Claim, however, seeks dismissal of the Section 504 claim against both Defendants APS and Suzanne Parker. Because this Court already has dismissed with prejudice the Section 504 claim against Defendant Parker, this Court will construe Defendants' motion to dismiss as seeking dismissal of the Section 504 claim only against Defendant APS.

Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, the New Mexico Human Rights Act, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[2] On February 6, 2004, Defendant filed a Motion/Brief to Dismiss Plaintiff's Section 504 claim on the ground that the Court does not have jurisdiction over the claim because the statute of limitations expired prior to the time Plaintiff filed his complaint.

Plaintiff began working for Defendant APS as an educational assistant in a classroom for students with multiple disabilities at Valley High School on October 18, 1999. Plaintiff terminated his employment with APS in May 2000 at the end of the 1999-2000 school year. All allegedly discriminatory, harassing, and retaliatory acts occurred during this time period. Plaintiff filed his complaint on March 19, 2003, almost three years after he completed his tenure with APS.

## DISCUSSION

The Rehabilitation Act of 1973 does not contain an express statute of limitations period for filing a civil action. "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). Defendant argues that the Court should adopt the one-year limitations period found in the New Mexico Human Rights Act ("NMHRA"), N.M. Stat. Ann. § 28-1-10. Plaintiff, in contrast, argues that the Court should adopt New Mexico's three-year limitations period governing personal injury claims. *See* N.M. Stat. Ann. § 37-1-8.

To select a statute of limitations, the Court first must characterize the essence of Plaintiff's

---

[2] By stipulation filed November 20, 2003, the parties agreed to dismiss with prejudice Plaintiff's New Mexico Human Rights Act claim.

-2-

claim under Section 504 of the Rehabilitation Act. *See S.V. v. Sherwood Sch. Dist.*, 254 F.3d 877, 879 (9th Cir. 2001) ("[i]n order to assess which state statute of limitations is most analogous, the court 'must characterize the essence of the claim in the pending case, and decide which state statute provides the most appropriate limiting principle'") (quoting *Wilson*, 471 U.S. at 268). The characterization of a federal statutory claim is a matter of federal, not state, law. *See Wilson*, 471 U.S. at 269-70 (citation omitted). In *Wilson*, the Supreme Court explained that claims of injury to the "'constitutional or federal statutory rights which emanate from or are guaranteed to the person'" are, "[i]n the broad sense" claims resulting from "'personal injuries.'" *Id.* at 278 (quoting *Almond v. Kent*, 459 F.2d 200, 204 (4th Cir. 1972)). Accordingly, under federal law, Plaintiff's claim is best characterized as a claim for personal injury. *See Baker v. Board of Regents of the State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) ("[S]ection 504 claims are best characterized as claims for personal injuries"); *see also Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 983 (5th Cir. 1992) ("As the Supreme Court has recognized, claims for discrimination are essentially claims for personal injury.") (citations omitted).

The characterization of Plaintiff's claim as a claim for personal injury comports with the Supreme Court's general preference for borrowing state limitations governing personal injury claims. *See Wilson*, 471 U.S. at 279. The Supreme Court expressed this preference in part because "[i]t is most unlikely that the period of limitations applicable to [personal injury actions] ever was, or ever would be, fixed in a way that would discriminate against federal claims, or be inconsistent with federal law in any respect." *Id.* In addition, characterizing a Rehabilitation Act claim as a claim for personal injuries promotes the federal interest in uniformity and certainty.

*See Alexander v. Precision Machining, Inc.*, 990 F. Supp. 1304, 1307 (D. Kan. 1997) ("uniformity, a competing federal interest, supports the continued use of Kansas' personal injury statute of limitations") (citing *Wilson*, 471 U.S. at 276)); *compare Baker*, 991 F.2d at 631 (characterizing Title VI claims as injury to personal rights "promotes a consistent and uniform framework by which suitable statutes of limitations can be determined for civil rights claims").

The Court next must select the most analogous state statute from which to borrow a statute of limitations. *See North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995). The Court has held that a claim brought under the Rehabilitation Act seeking a remedy for an employer's allegedly discriminatory and retaliatory acts is most similar to a personal injury claim. *See Baker*, 991 F.2d at 632; *see also Wilson*, 471 U.S. at 278. Therefore, the most analogous state statute from which to borrow a limitations period is New Mexico's three-year statute of limitations governing personal injury actions.

The Court may borrow the three-year statute of limitations for personal injury actions only if application of the statute of limitations is not inconsistent with federal law. Borrowing New Mexico's personal injury statute of limitation is appropriate not only because the Supreme Court has expressed a preference for borrowing personal injury limitations period, but also because application of New Mexico's personal injury statute of limitations to Section 504 claims would not discriminate against a Section 504 claim or otherwise be inconsistent with federal law.[3] *See*

---

[3] New Mexico's statute of limitations for personal injury claims is an appropriate limitations period to borrow for Section 504 claims. This limitations period, however, is not necessarily appropriate under all circumstances and for all civil rights claims. Courts must, based upon the characterization of a particular claim and the federal interests in question, determine under the circumstances the most appropriate limitations period to borrow for that particular claim.

*id.* at 279.

This Court is not alone in borrowing a state personal injury statute of limitations and applying it to a Section 504 claim. Circuit courts, with the exception of the Fourth Circuit, consistently have held that it is appropriate to borrow the limitations period from state personal injury statutes. *See, e.g.*, *Morse v. University of Vermont*, 973 F.2d 122, 127 (2d Cir. 1992) ("We now hold that actions under [Section] 504 of the Rehabilitation Act are governed by the state statute of limitations applicable to personal injury actions."); *Hickey*, 976 F.2d at 983 (magistrate correctly adopted Texas's statute of limitations for personal injury actions as the limitations period applicable to plaintiff's Rehabilitation Act claim); *Soignier v. American Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996) (district court correctly applied Illinois's statute of limitations for personal injuries as the most analogous limitations period for plaintiff's Title III ADA claim), *cert. denied*, 519 U.S. 1093 (1997); *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1056 (8th Cir. 2003) (state statute of limitations for personal injury actions should be applied to claims under the Rehabilitation Act); *Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1409-10 (11th Cir. 1998) (Georgia's statute of limitations for personal injury actions should be applied to discrimination claims brought under the Rehabilitation Act). *But see Wolsky v. Medical College of Hampton Roads.*, 1 F.3d 222, 225 (4th Cir. 1993) (federal courts must apply Virginia's statute of limitations applicable to claims brought under Virginia's Rehabilitation Act to claims brought under the federal Rehabilitation Act; district court erred in applying the state personal injury statute of limitations), *cert. denied*, 510 U.S. 1073 (1994). The Tenth Circuit, relying on *Wilson*, also has characterized claims under Section 504 of the Rehabilitation Act as

claims for personal injuries. *See Baker*, 991 F.2d at 632 ("Because a section 504 claim is closely analogous to section 1983, we find that section 504 claims are best characterized as claims for personal injuries").

The Court is not persuaded by Defendant's argument that a one-year statute of limitations from the NMHRA should apply. Defendant argues that the NMHRA is the most analogous state statute to the Rehabilitation Act. Defendant contends that the NMHRA contains a one-year statute of limitations period, citing Section 28-1-10(G). That Section provides, "Within one year of the filing of a complaint by a person aggrieved, the commission or its director shall: (1) dismiss the complaint for lack of probable cause; (2) achieve satisfactory adjustment of the complaint as evidenced by order of the commission; or (3) file a formal complaint on behalf of the commission." N.M. Stat. Ann. § 28-1-10(G). This one-year period, however, is not a statute of limitations during which an aggrieved party must initiate a civil action. Rather, it is a deadline by which the Human Rights Commission or Human Rights Director must decide how to proceed with respect to a particular complaint that has been filed with the Commission. In this case, the Court must borrow an analogous statute of limitations governing an aggrieved party--not a time deadline governing an administrative body--to determine when a party must initiate a Section 504 claim. Accordingly, Defendant's argument that the Court should borrow the one-year "statute of limitations" from Section 28-1-10(G) is not persuasive.

Even if the NMHRA contained a one-year statute of limitations governing aggrieved parties (which it does not), the Court would not be persuaded to borrow that limitations period because the NMHRA is not the most analogous state statute. The administrative process initiated

under the NMHRA by filing a complaint of discrimination with the New Mexico Human Rights Commission bears little resemblance to the judicial process initiated by filing a civil complaint in federal court under the Rehabilitation Act. *See Doukas v. Metropolitan Life Ins. Co.*, 882 F. Supp. 1197, 1201 (D.N.H. 1995). The Rehabilitation Act creates a private right of action, whereas a complainant under the NMHRA must exhaust an administrative process prior to obtaining judicial review. In addition, the burden of pursuing a private right of action under the Rehabilitation Act (*e.g.*, identifying a violation of civil rights, evaluating whether that violation warrants the initiation of a federal action, consulting and retaining legal counsel, and initiating a civil suit) is much greater than the burden of filing a complaint of discrimination with the New Mexico Human Rights Commission, which thereafter is obligated to conduct an investigation. *See* N.M. Stat. Ann. § 28-1-10(B); *see also Burnett v. Grattan*, 468 U.S. 42, 50-51 (1984) (discussing the stringent burdens imposed upon plaintiffs litigating civil rights claims in court and the minimal burdens placed upon complainants filing a complaint under the state's administrative human rights scheme).[4] Based upon these fundamental distinctions, the Court is not persuaded

---

[4] The *Burnett* court explained that a civil litigant must "recognize the constitutional dimensions of his injury," "obtain counsel, or prepare to proceed pro se," "conduct enough investigation to draft pleadings that meet the requirements of federal rules," "establish the amount of his damages, prepare legal documents, pay a substantial filing fee or prepare additional papers to support a request to proceed in forma pauperis, . . . file and serve his complaint," "look ahead to the responsibilities that immediately follow filing of a complaint," and "be prepared to withstand various responses, such as a motion to dismiss, as well as to undertake additional discovery." 468 U.S. 42, 50-51 (1984). In contrast, the *Burnett* court noted that a person's sole responsibility under the administrative scheme is to "make, sign and file with the Human Relations Commission . . . a complaint in writing under oath." *See id.* "The complaint need contain no more than the name and address of the person or entity alleged to have committed the discriminatory act, 'the particulars thereof,' and 'other information as may be required from time to time by the Commission.'" *See id.* (citation omitted). The entire burden of investigating and developing the case rests on the Human Rights Commission. *See id.* These vastly different

that the NMHRA is the most analogous state statute.  *Cf. Doukas*, 882 F. Supp. at 1200-01 (refusing to apply the New Hampshire Law Against Discrimination's statute of limitations because the administrative burdens contained therein differ vastly from civil litigation burdens); *see also Gaona*, 324 F.3d at 1056 (refusing to apply one-year statute of limitations from the Minnesota Human Rights Act and instead applying the six-year statute of limitations from the Minnesota personal injury statute); *Durante v. County of Belknap*, No. 03-333-SM, 2004 U.S. Dist. LEXIS 14565, *3 (D.N.H. 2004) (refusing to apply the 180-day limitations period prescribed by the New Hampshire Law Against Discrimination and instead applying the three-year statute of limitations for personal injury claims); *Kohler v. Shenasky*, 914 F. Supp. 1206, 1211 (D. Md. 1995) (applying three-year general statute of limitations for civil claims instead of statute of limitations from state discrimination statute).

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that Defendant APS's Motion/Brief to Dismiss Plaintiff's Section 504 Claim, filed February 6, 2004 **[Doc. No. 26]**, is hereby DENIED.

Dated this 31st day of March 2005.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE

---

burdens apply equally to New Mexico litigants filing Section 504 and NMHRA claims.

<u>Attorney for Plaintiff</u>:

    Gail Stewart, Esq.

<u>Attorneys for Defendants</u>:

    Max I. Madrid, Esq.
    Alex C. Walker, Esq.